**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0627n.06

No. 12-5763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 02, 2013*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: WILLIAM W. PIERCE, JR.,   ) | |
|   ) | |
| Debtor,   ) | |
|   ) | |
| MAXIE E. HIGGASON, JR.,   ) | |
| CHAPTER 7 TRUSTEE,   ) | |
|   ) | ON APPEAL FROM THE UNITED |
| Plaintiff-Appellee,   ) | STATES DISTRICT COURT FOR |
|   ) | THE EASTERN DISTRICT OF |
| v.   ) | KENTUCKY |
| VANDERBILT MORTGAGE AND FINANCE,   ) | |
| INC.,   ) | |
|   ) | AMENDED OPINION |
| Defendant-Appellant.   ) | |

Before:  MOORE, SUTTON, and DONALD, Circuit Judges.

**Bernice B. Donald, Circuit Judge.**  Maxie E. Higgason, Jr., a Chapter 7 Trustee, brought a strong-arm proceeding against Appellant Vanderbilt Mortgage and Finance, Inc. (Vanderbilt) to avoid a lien claimed by Vanderbilt against William W. Pierce, Jr.'s manufactured home. Vanderbilt failed to submit its Certificate of Title and title lien statement to the county clerk in Pierce's county of residence for notation of its security interest on the Certificate of Title. We quite recently confronted virtually identical factual and legal issues in *Vanderbilt Mortgage & Fin., Inc. v. Westenhoefer*, No. 11-6216, (6th Cir.  March ___, 2013).  There, we concluded, that a security interest in a manufactured home is not properly perfected under Kentucky law unless the Certificate

of Title has been submitted to the county clerk in the debtor's county of residence for the security

interest to be noted on the Certificate of Title by that clerk.  That did not happen here.  On the basis

of *Westenhoefer*, we **AFFIRM**.